UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20512-CR-RNS

**UNITED STATES OF AMERICA**

vs.

**OLGA CECILIA CARBONELL,**

**Defendant.**
_____/

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Olga Cecilia Carbonell (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On October 12, 2021, the United States filed an Information charging the Defendant with Theft of Government Funds in violation of 18 U.S.C. § 641. Information [DE 1]. The Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 641, the Defendant shall forfeit a sum of $222,505.70. *See id.*

On January 6, 2022, the Court accepted the Defendant's guilty plea to the Information. *See* Minute Entry, [DE 18]; Plea Agreement, [DE 19]. As part of the guilty plea, the Defendant agreed to the entry of a forfeiture money judgment in the amount of $222,505.70. [DE 19]. Specifically, among other provisions in the Plea Agreement, the Defendant agreed to the following:

> 11.    The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, in violation of 18 U.S.C. § 641, pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. 2461(c), and the provisions of § 853.  In addition, the defendant agrees to forfeiture of substitute

    property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to:
      a. forfeiture money judgment in the sum of $222,505.70 in United States currency, which sum represents the value of the property subject to forfeiture.

Plea Agreement, [DE 19].

  In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, [DE 20]. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* The United States Probation Office has since conducted a presentence investigation, which included information on the Defendant's financial condition. *See* Presentence Investigation Report, [DE 23].

  As set forth in the Factual Proffer, the Defendant withdrew retirements benefits that the Social Security Administration (SSA) had paid to her mother, M.M., and her father, J.M., after her mother and her father died in 2003 and 2005, respectively. [DE 20]. The Defendant withdrew funds that the SSA had deposited in a Wells Fargo account ending in 3297. *Id.* The Defendant knew M.M. and J.M. were receiving monthly SSA retirement benefit deposits in that Wells Fargo account before their deaths and that the benefits continued to be deposited after their deaths. *Id.* The Defendant gained access to the SSA benefits in that Wells Fargo account by using an ATM card issued in M.M.'s name to make cash withdrawals from that account. *Id.* By the date the benefits stopped in March 2020, a total of $222,505.70 in unauthorized benefits had been deposited into the Wells Fargo account 3297. *Id.* The Defendant deposited the unauthorized benefits in her account with the intent to use the funds for her own gain, including to pay expenses such as her credit card and car payments, and home remodeling and homeowner association fees. *Id.*

  Based on the record in this case, the total value of the proceeds traceable to the offense of conviction is $222,505.70, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461, and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $222,505.70 is hereby entered against the Defendant.

2. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami, Florida, on February 28, 2022.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE